IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUIS HANCOCK DAITCH<br>(TDCJ No. 1819611),<br><br>Petitioner,<br><br>V.<br><br>LORIE DAVIS, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,[1]<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:15-cv-2563-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Louis Hancock Daitch, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court should deny the application for the reasons explained below.

**Applicable Background**

Through this application, Daitch challenges his state drug-possession conviction, *see State v. Daitch*, No. F04-44009-J (Crim. Dist. Ct. No. 3, Dallas Cty., Tex.), pursuant to which he was sentenced to ten years of imprisonment. This criminal judgment was entered on October 18, 2012 as a result of the court's granting the State's June 30, 2011 motion to revoke Daitch's five-year term of community supervision probation,

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and, as his successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

entered on July 8, 2005 and later extended for one year, to end July 8, 2011. *See* Dkt. No. 10-1 at 2-22.

After his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967) and Daitch responded, the judgment was affirmed as modified (to correct a clerical error in the written judgment). *See Daitch v. State*, No. 05-12-01485-CR, 2013 WL 6050950 (Tex. App. – Dallas Oct. 30, 2013). The Texas Court of Criminal Appeals (the "CCA") denied Daitch's petition for discretionary review. *See Daitch v. State*, PD-0161-14 (Tex. Crim. App. Mar. 19, 2014). And, on October 6, 2014, the United States Supreme Court denied his petition for writ of certiorari. *See Daitch v. Texas*, 135 S. Ct. 250 (2014). Daitch then sought habeas review in the state courts, through a petition he signed on May 11, 2015, *see* Dkt. No. 10-1 at 115, which the CCA denied without a written order, *see Ex parte Daitch*, WR-83,414-01 (Tex. Crim. App. July 1, 2015).

Through his Section 2254 application, Daitch contends (1) that his original conviction, imposed in 2005, is not supported by substantial evidence; (2) that the state court lacked jurisdiction to extend his community supervision by one year on July 6, 2011; (3) that the state court illegally stacked the ten-year sentence imposed after his probation was revoked with two terms of incarceration previously imposed; and (4) that his counsel on appeal was constitutionally ineffective. *See* Dkt. Nos. 3 & 4.

## Legal Standards and Analysis

<u>Daitch's first and second claims are time-barred.</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")

establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is

> at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear

that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Applicable to the posture of the pertinent state criminal proceedings here, discussed above,

> [u]nder Texas law, "a judge may defer the adjudication of guilt of particular defendants and place them on 'community supervision' if they plead guilty or *nolo contendere*." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010) (citing TEX. CODE CRIM. P. art. 42.12, § 5(a)). If the defendant violates a condition of his community supervision, the court holds a hearing to determine whether it should impose a judgment of guilt. *Id.* If the court convicts the defendant, it also sentences him. *Id.* Two distinct limitations periods then apply for the filing of habeas petitions. One limitations period applies to claims relating to the deferred adjudication order, and another limitations period applies to claims relating to the adjudication of guilt. *Id.* at 724; *see also Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005).

*Frey v. Stephens*, 616 F. App'x 704, 707 (5th Cir. 2015); *see also Caldwell*, 429 F.3d at 530 ("Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations, for challenging substantive issues of [an order] of deferred adjudication, [begins] to run when the order deferring adjudication [becomes] final."); *Tharpe*, 628 F.3d at 724 (holding that "a habeas claim that challenges a *deferred-adjudication order* and another habeas claim that challenges a *conviction and sentence* involve two different 'judgments' for AEDPA purposes" and "in dealing with two entirely separate

and distinct judgments – one a deferred-adjudication order and the other a judgment of conviction and sentence – [federal courts] are dealing with two separate and distinct limitation periods under the AEDPA" (distinguishing *Burton v. Stewart*, 549 U.S. 147 (2007); emphasis in original)).

Daitch's first claim – that his original conviction is not supported by substantial evidence – is a claim "relating to the deferred adjudication order." *Frey*, 616 F. App'x at 707; *see Jenkins v. Thaler*, No. 4:12-cv-797-A, 2013 WL 867529, at *2 (N.D. Tex. Mar. 7, 2013) ("Because petitioner's claims relate to facts and events involving the original plea proceedings, the judgment placing him on deferred adjudication community supervision is the relevant judgment for purposes of the one-year statute of limitations." (citing *Tharpe*, 628 F.3d at 724)); *see also York v. Stephens*, No. A-13-CA-100-LY, 2014 WL 2168216, at *3 (W.D. Tex. May 23, 2014) (claims are "related to the validity of the original guilty plea" if they turn on a contention that a petitioner "did not actually commit" the crime; such "claims had to be raised in a direct appeal within thirty days of when [p]etitioner received deferred-adjudication community supervision"; and such claims may not be rephrased as a challenge to findings made at conviction and sentence in order to evade the AEDPA's one-year statute of limitations), *C.O.A. denied*, No. 14-50689 (5th Cir. Apr. 10, 2015); *cf. McBeth v. Stephens*, No. 2:13-cv-92, 2014 WL 1168895, at *3 (N.D. Tex. Mar. 21, 2014) ("Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when

deferred adjudication community supervision is first imposed." (citing *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999))).

The deferred adjudication order became final on Monday, August 8, 2005, *see* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a) – years before the State filed its motion to revoke on June 30, 2011, *see Caldwell*, 2011 WL 5119443, at *1. Accordingly, Daitch had until August 8, 2006 to timely assert this claim through a Section 2254 habeas petition, unless that deadline is equitably tolled or Daitch is relying on the narrow actual innocence gateway. Here, however, he neither presents rare and exceptional circumstances that justify equitable tolling of this claim nor argues that he is actually innocent. As such, Daitch's first claim is barred by the AEDPA's one-year statute of limitations.

Daitch's second claim – that the trial court lacked jurisdiction when it ordered on July 6, 2010 that his community supervision be extended – is similarly time-barred.

First, under Texas law, an appeal is allowed at the time a defendant "is placed on deferred adjudication community supervision or after adjudication of guilt," but "[n]o appeal is permitted from an order modifying the conditions of community supervision." *Tate v. State*, No. 05-03-01599-CR, 2003 WL 22928904, at *1 (Tex. App. – Dallas Dec. 12, 2003) (per curiam) (citations omitted); *accord Christopher v. State*, 7 S.W.3d 224, 225 & n.1 (Tex. App. – Houston [1st Dist.] 1999, pet. ref'd).

However, it appears that a modification to the terms of a community supervision probation sentence can be challenged through habeas proceedings in Texas courts. *See,*

*e.g., Ex parte Gringell*, 842 S.W.2d 284 (Tex. Crim. App. 1992) (en banc).

And, absent tolling based on the time an applicable petition for state post-conviction or other collateral review – properly filed prior to the AEDPA's limitation period lapsing – is pending, *see* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013), a federal habeas petition challenging such a modification would be timely filed within one year from the date the modification occurs, as that would be "the date on which the factual predicate of [such a] claim ... could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D); *see Martinez v. Quarterman*, C.A. No. C-06-188, 2007 WL 737488, at *2 (S.D. Tex. Mar. 7, 2007) ("the one-year statute of limitations applies in Petitioner's case and it is too late for him to challenge the 2000 extension of probation").

Therefore, Daitch had until July 6, 2011 to timely assert this claim through a Section 2254 habeas petition, unless that deadline is equitably tolled or Daitch is relying on the narrow actual innocence gateway. Here, again, he neither presents rare and exceptional circumstances that justify equitable tolling as to this claim nor argues that he is actually innocent. As such, Daitch's second claim is also barred by the AEDPA's one-year statute of limitations.

<u>Daitch's third claim is not cognizable on federal habeas review.</u>

Daitch's third claim is solely that the state court illegally stacked the custodial sentence imposed upon revocation of his probation with sentences imposed just prior to the revocation because, as Daitch appears to understand the imposition of his state sentences, at least one sentence was suspended at the time the sentences were

cumulated. *See* Dkt. No. 4 at 8 (discussing TEX. CODE CRIM. PROC. ANN. art. 42.08 ("When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; provided, however, that the cumulative total of suspended sentences in felony cases shall not exceed 10 years.")).

First, none of Daitch's sentences were suspended at the time all three were cumulated, as the court revoked Daitch's only suspended sentence, his community supervision probation, and adjudged him guilty as to the drug-possession charge prior to imposing a ten-year sentence as to that conviction and stacking that sentence with the two sentences already imposed. As the Fort Worth Court of Appeals has explained, "[a]rticle 42.08(a) specifically distinguishes between a sentence *imposed* and a sentence *suspended*. Generally, imposition of a criminal defendant's sentence of imprisonment or confinement is suspended, in whole or in part, by placing the defendant on community supervision instead of ordering the defendant to serve the sentence of imprisonment or confinement." *Pointer v. State*, 26 S.W.3d 735, 737 (Tex. App. – Fort Worth 2000, no pet. h.) (citing TEX. CODE CRIM. PROC. ANN. arts. 42.08 & 42.12, § 2(2)(B); emphasis in original).

Moreover, as the above explanation makes clear, Daitch is merely challenging a state court's application of its own law. "Under § 2254, federal habeas courts sit to review state court misapplications of *federal* law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011); *cf. Schaetzle v. Cockrell*, 343 F.3d 440, 449 (5th Cir. 2003) ("'It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law, and we defer to the state courts' interpretation of the Texas ... statute.'" (quoting *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995)).

Therefore, Daitch's third claim lacks merit and is also not cognizable here.

<u>The state court did not unreasonably deny Daitch's fourth claim, as to his appellate counsel.</u>

Daitch's final claim is that his appellate counsel violated his Sixth Amendment right to constitutionally effective counsel by failing to raise the sentence-stacking issue discussed above. *See, e.g.,* Dkt. No. 3 at 7-8.

The Court reviews Sixth Amendment claims concerning appellate counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984)" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))). Under *Strickland*, a petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel

-10-

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, the AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's

determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. \_\_\_, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt v. Titlow*, 571 U.S. \_\_\_, 134 S. Ct. 10, 17, 13 (2013))).

Here, for the reasons explained previously – which show that Daitch's sentence-stacking theory is meritless – Daitch has not shown that the denial of his claim that appellate counsel was constitutionally ineffective for not raising the cumulation issue is an unreasonable application of *Strickland*. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless [claims] is not ineffective lawyering; it is the very opposite.").

## Recommendation

The Court should deny the application for writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 19, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE